IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
FILE NO. 1:04-CV-42

| | |
|---|---|
| JAMES GUSEH,<br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTH CAROLINA CENTRAL<br>UNIVERSITY, et al.,<br>　　　　　　Defendants. | DEFENDANTS' MEMORANDUM IN SUPPORT<br>OF MOTION TO STRIKE AFFIDAVITS AND<br>OTHER HEARSAY IN PLAINTIFF'S<br>RESPONSE TO DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

In support of their Motion to Strike, defendants show to the Court the following facts and controlling law, establishing that:

I. **PLAINTIFF'S MATERIALS IN OPPOSITION TO SUMMARY JUDGMENT CONTAIN INADMISSIBLE HEARSAY; AND ALL SUCH INADMISSIBLE HEARSAY SHOULD BE STRICKEN.**

With this Motion, defendants move to strike two categories of statements from Plaintiff's Response: (1) personal statements that do not comply with Rule 56(e); and (2) hearsay statements contained within certain affidavits and within other "statements" presented by plaintiff in opposition to summary judgment, including the hearsay exhibits used in the same opposition materials. The bases for the Motion are shown below.

Plaintiff filed these documents, apparently with the intent that the Court consider such documents as evidence in his Response to NCCU's Motion for Summary Judgment. However, each of the documents discussed herein constitutes inadmissible hearsay, for which there is no exception conferring admissibility. Fed. R. Evid. 801 through 804. Several of the documents contain hearsay within hearsay, also without any exception. Fed. R. Evid. 805.

The defects in the materials of plaintiff challenged by this Motion of defendants are plain on the face of those materials. Rule 56(e) requires a party adverse to a summary judgment motion to present supporting affidavits or other specified forms of sworn statements, setting forth facts that "would be admissible" in evidence and as to which the affiant is "competent" to testify. Fed. R. Civ. P. 56(e). The documents identified below do not meet one or both of these tests.

Therefore, it is proper for this Court to strike from Plaintiff's Response to the Motion for Summary Judgment all such hearsay and incompetent evidence. *E.g., Evans v. Technologies Applications & Svc. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (applying Fed. R. Civ. P. 56(e)).

## II. AS REQUIRED BY FED. R. CIV. P. RULE 56(e), THE STATEMENTS OF DR. KOFI JOHNSON AND MARGARET JAMES ARE NOT PROPERLY "SWORN" AND, IN THE ALTERNATIVE, ARE ALSO NOT MADE UNDER PENALTY OF PERJURY.

Plaintiff has submitted two statements which are neither affirmed before a notary public nor made under penalty of perjury as allowed by 28 U.S.C. § 1746. Each statement should be stricken in its entirety.

The first such statement, **Response Att. 38**, while styled "Affidavit," provides a place, on its page 4, for the affirmation of a notary. That space is, however, left totally blank.[1] In addition, the document does not indicate it is being submitted under penalty of perjury, as allowed by 28 U.S.C. § 1746. NCCU submits, therefore, that this

---

[1] Plaintiff is aware of this problem. **Response, p. 19 n. 15**. Plaintiff has not formally moved the Court for an extension in which to file the notarized Affidavit.

document, although purportedly signed by Dr. Kofi Johnson, does not conform to the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.

The second document challenged in its entirety by NCCU is **Response Att. 36**. This document purports to be "the Statement" of Margaret M. James; and it purports to be signed by her. There is no indication that Ms. James swears to or affirms the contents of that document, however. Once again, the document also does not indicate it is being submitted under penalty of perjury, as allowed by 28 U.S.C. § 1746. NCCU submits, therefore, that this document, although purportedly signed by Ms. James, likewise does not conform to the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.

Based on the foregoing facts, the Court should strike these two documents submitted with Plaintiff's Response to the Motion for Summary Judgment under the law discussed in Section II below.

### III. THE LAW APPLICABLE TO MOTIONS TO STRIKE DIRECTS A RESULT IN FAVOR OF THIS MOTION BY DEFENDANTS AS TO THE KOFI JOHNSON AND MARGARET JAMES STATEMENTS.

Rule 56(e), Fed. R. Civ. P., provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

"An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Farm Bureau Mut. Auto Ins. Co. v. Hammer*, 83 F. Supp. 383, 386 (W.D. Va.), *rev'd. on other grounds*, 177 F.2d 793 (4th Cir. 1949), *cert. denied*, 339 U.S. 914, 70 S. Ct. 575, 94 L. Ed. 1339 (1950); *see also*

*Egger v. Phillips*, 710 F.2d 292, 311 n.19 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S. Ct. 284, 78 L. Ed. 2d 262 (1983).

In the alternative, under federal statutory law, an affidavit is admissible in summary judgment proceedings if made under penalty of perjury. 28 U.S.C.A. § 1746 (West Supp. 1984); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 n.16, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970). "The absence of the formal requirements of a jurat in . . . sworn affidavits [does] not invalidate the statements or render them inadmissible [if] they were actually sworn to before an officer authorized to administer an oath." *Peters v. United States*, 408 F.2d 719, 722 (Ct. Cl. 1969); *accord Dickinson v. Wainwright*, 626 F.2d 1184 (5th Cir. 1980) (per curiam).

Here, there is no evidence that Dr. Kofi Johnson or Ms. James swore to the truth of the contents of their statements before any officer authorized to administer an oath. Although "the absence of the formal requirements of a jurat in a sworn affidavit [does] not invalidate the statements or render them inadmissible [if] they were actually sworn to before an officer authorized to administer an oath," *Peters*, 408 F.2d at 722, this Court should strike both these statements because neither indicates it was sworn to before a notary public or other officer authorized to administer an oath. *See, e.g., Beyah v. Coughlin*, 789 F.2d 986, 989 (2nd Cir. 1986) (striking letters that were not sworn to in accordance with Rule 56(e) of the Federal Rules of Civil Procedure).

**IV. OTHER INADMISSIBLE HEARSAY IN PLAINTIFF'S RESPONSE MUST ALSO BE STRICKEN.**

In addition, as described in greater detail in this argument, a number of statements within Plaintiff's opposition materials are not made on personal knowledge

and/or which do not set forth specific facts which would be admissible at trial. Such statements are likewise improper and, therefore, should be stricken as well.

More particularly, the following documents and/or parts and paragraphs of documents should be stricken from Plaintiff's Response, on the basis that all the items listed below present information outside the affiant's personal knowledge, present "facts" so generally as to be merely conclusory, and/or contain inadmissible hearsay even double hearsay:

**Response Att. 36**: to the extent Ms. James is repeating an alleged statement by Dr. Lewis, who has not testified for Plaintiff in this action, the alleged statement by Lewis should be stricken.

**Response Att. 35**: preliminary NCCU class schedules for the years 1997 through 2002, as such documents have not been certified by the Registrar to accurately reflect the faculty who, in fact, taught the courses listed therein. The actual grading reports in the Registrar's office are the official business records. Since such grading reports are protected under the Family Educational Rights and Privacy Act (FERPA), NCCU could only provide preliminary class schedules. These schedules are not necessarily representative of who actually taught each class.

**Response Att. 37**: ¶ 6 (asserting facts that cannot be within affiant's personal knowledge; conclusory opinion about discrimination); ¶ 7 (conclusory opinion about discrimination); ¶¶ 9-10 (asserting facts that cannot be within affiant's personal knowledge); ¶ 12 (as to what affiant was supposedly "told" by an unnamed person); and ¶ 13 (as to what affiant was supposedly told by Hall and the Provost).

**Response Att. 38**: ¶ 3 (as to what affiant supposedly heard Dr. Aicher and Dr. Elliott say); ¶ 5 (conclusory opinion about discrimination); ¶ 6 (asserting facts that cannot be within affiant's personal knowledge); ¶ 8 (asserting facts that cannot be within affiant's personal knowledge; (conclusory opinion about discrimination); ¶ 9 (asserting facts that cannot be within affiant's personal knowledge); and ¶ 10 (asserting facts that cannot be within affiant's personal knowledge; (conclusory opinion about discrimination).

**Response Att. 39**: ¶ 10 (asserting facts that cannot be within affiant's personal knowledge); ¶ 11 (purporting to quote from a hearsay document authored by Dr. Harvey L. White); ¶ 12 (asserting facts that cannot be within affiant's personal knowledge); ¶ 15 (asserting facts that cannot be within affiant's personal knowledge); ¶ 16 (purporting to quote from hearsay regulations published by SACS, which regulations are incompletely quoted in this paragraph, as it omits mentioning SACS'S reiterated allowance for exceptions to its rules); ¶ 17 (asserting facts that cannot be within affiant's personal knowledge); ¶ 18 (asserting facts that cannot be within affiant's personal knowledge); ¶ 21 (asserting speculative facts that cannot possibly be within affiant's personal knowledge); ¶ 22 (asserting speculative facts that cannot possibly be within affiant's personal knowledge); ¶¶ 24-25 & 27-29 (as to what affiant supposedly heard other people say about salary increases); ¶ 31 (purporting to state NCCU's "policy" on salary increases and providing an irrelevant self-assessment); and ¶ 32 (conclusory opinion about discrimination).

**Affidavit of Behrooz Kalantari**: ¶ 3 (as to what Lewis purportedly said to affiant); ¶ 4 (as to what two persons told affiant); ¶ 5 (as to what grievance committee

concluded and what Chancellor and Provost said to affiant); ¶ 6 (conclusory opinion about discrimination; as to what Bernice Johnson told affiant); ¶ 8 (as to plaintiff's qualifications); and ¶ 9 (conclusory opinion about discrimination). Case law makes clear that affidavits containing conclusory legal assertions and hearsay statements do **not** create genuine issues of fact sufficient to avoid summary judgment. See Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695, 715-16 (1990) (Rule 56(e) does not allow "replac[ing] conclusory allegations of the complaint . . . with conclusory allegations of an affidavit"); Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998)(affirming grant of summary judgment for defendant because plaintiff's "conclusory statements, without specific evidentiary support" were insufficient to create a genuine issue of fact); Evans v. Technologies Applications & Svc. Co., 80 F.3d 954, 962 (4th Cir. 1996) (proper to strike from affidavit plaintiff's unsupported, self-serving assertions, and irrelevant, conclusory, or hearsay statements); Catawba Indian Tribe of South Carolina v. South Carolina, 978 F.2d 1334, 1342-43 (4th Cir. 1992) (reasoning that summary disposition is improper if based on affidavits that lack an affirmative showing of the affiant's personal knowledge), cert. denied, 507 U.S. 972, 113 S. Ct. 1415, 122 L. Ed. 2d 785 (1993); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Ballinger v. North Carolina Agr. Extension Service, 815 F.2d 1001, 1004 (4th Cir.) (party may not rely on "conclusory allegations" to avoid summary judgment), cert. denied, 484 U.S. 897, 108 S. Ct. 232, 98 L. Ed. 2d 191 (1987); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (summary judgment against plaintiff proper when "affidavit is conclusory, [ ] does not set forth facts of which [ ] plaintiff has personal knowledge and [ ] does not give specific facts, only generalities."); Beale v. Hardy, 769 F.2d 213, 214

(4th Cir. 1985); *accord Harleysville Mutual Ins. Co., Inc. v. Packer*, 60 F.3d 1116 (4th Cir. 1985).

Addressing the hearsay problem frequently encountered in affidavits, the Ninth Circuit had the following to say:

> Because lawyers so often present inadmissible testimony (including their own), in the form of affidavits that they would not consider presenting from a witness stand, should we assume that the belief is common that the rules of evidence vanish when a witness testifies by affidavit rather than from the stand? Testimony presented by affidavit is different from testimony orally delivered, because the affiant is not subject to cross-examination. But that fact leads to greater, not lesser, strictures imposed on the testimony presented by affidavit.

*United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).

In the instant case, plaintiff **must** show that he can carry his evidentiary burdens, at the summary judgment stage, with evidence that is reducible to admissible evidence at trial. Otherwise, his case cannot survive Defendants' Motion for Summary Judgment. There can be absolutely no question that is the law in this Circuit. *See, e.g., Maryland Highway Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1251 (4th Cir. 1991)("Hearsay evidence, which is inadmissible at trial, **cannot be considered** on a motion for summary judgment.")(emphasis added). Unfortunately for plaintiff, he has filed in opposition to summary judgment quite an amount of improper hearsay and other incompetent "evidence." Once such "evidence" is excluded, it will be all the more apparent to the Court that plaintiff's opposition is virtually unsupported.

One example of such insufficient "evidence" presented in opposition to summary judgment in plaintiff's affidavits are statements made by plaintiff or by one or the other of his affiants about the quality of plaintiff's work relative to that of other faculty.

**Response Att. 37** (Oritsejafor Aff. ¶¶ 4 - 6) (on plaintiff's qualifications); **Response Att. 38** (Johnson Aff. ¶ 9) (same); **Response Att. 39** (Guseh Aff. ¶ 5) (on his relative qualifications to serve as permanent chair). Defendants also move to strike those paragraphs, as plaintiff attempts to prove the supposed high quality of his credentials through the statements of faculty who have not even collaborated with him. That will simply not suffice under well-settled discrimination law in this Circuit. *See, e.g., King v. Rumsfeld*, 328 F.3d 145, 154 (4th Cir. 2003)("[plaintiff] cannot qualify the testimony of his co-workers as a reliable assessment of the relative competence of him and his co-workers"); *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998)("we have repeatedly explained that '"it is the perception of the decision maker which is relevant," not the self-assessment of the plaintiff.'. . . Similarly, that plaintiff's coworkers 'may have thought that [she] did a good job . . . is **close to irrelevant**.")(citations omitted)(emphasis added).

Plaintiff also seeks to meet his burden of proof at this summary judgment stage, by repeating what other persons have said to him and/or to others and by vouching for some other hearsay documents. This type of hearsay evidence should not be considered in the posture of this case. *See, e.g., Dean v. Methodist Hospitals of Dallas*, 1998 U.S. Dist. LEXIS 18573, *14 (N.D. Tex. 1998) ("Plaintiff's statements in her affidavit regarding what Dr. Kogan told Plaintiff . . . is **all hearsay**, and thus **not competent** summary judgment evidence.") (copy attached)(emphasis added).

## V. SHOULD THE COURT STRIKE THE HEARSAY AND OTHER INCOMPETENT "EVIDENCE" SET OUT ABOVE, THE COURT NEEDS ALSO TO DISREGARD ANY ARGUMENTS BY PLAINTIFF RELYING ON SUCH "EVIDENCE."

For the Court's convenience, Defendant sets out here pages in plaintiff's Response containing references to the "evidence" addressed in this Motion, which should correspondingly be struck:

pages 2, 3, 4, 6, 7, 8, 11, 12, 13, 15, 16, 18, 19, and 20.

This the 5th day of January, 2005.

        ROY COOPER
        Attorney General

        Joyce S. Rutledge
        Assistant Attorney General
        N.C. State Bar No. 16816

        John P. Scherer II
        Assistant Attorney General
        N.C. State Bar No. 19259
        Department of Justice
        P.O. Box 629
        Raleigh, NC 27602
        (919) 716-6920

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DOCUMENTS FROM PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** was served upon counsel for Plaintiff by depositing the same in the United States mail, first class postage prepaid, and addressed to:

> Caitlyn T. Fulghum
> The Fulghum Law Firm, P.L.L.C.
> 100 East Parrish Street, Suite 300
> Durham, North Carolina 27701

This the 5th day of January, 2005.

ROY COOPER
Attorney General

John P. Scherer II
Assistant Attorney General