IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES GUSEH, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>NORTH CAROLINA CENTRAL UNIVERSITY )<br>through the BOARD OF GOVERNORS OF THE )<br>UNIVERSITY OF NORTH CAROLINA, and )<br>BERNICE D. JOHNSON, in her individual and official )<br>capacity as Dean of the College of Arts and Sciences of )<br>North Carolina Central University, )<br>)<br>      Defendants. ) | 1:04CV00042 |

## ORDER AND JUDGMENT

On March 14, 2005, the United States Magistrate Judge's Order and Recommendation [Document #36] was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). Plaintiff James Guseh ("Plaintiff") filed timely Objections. The Court has now reviewed the Objections and the portions of the Recommendation to which objection was made, and has made a *de novo* determination that is substantially in accord with the United States Magistrate Judge's rulings. The Court will adopt the Recommendation and affirm Summary Judgment for Defendants as to Plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and as to Plaintiff's claim under 42 U.S.C. § 1983.

The Court will also adopt the Magistrate Judge's Recommendation as to Plaintiff's claim

under the North Carolina Constitution, but for a different reason.[1]  The Court finds that direct constitutional claims such as that brought by this Plaintiff may proceed only "in the absence of an adequate state remedy."  Corum v. University of North Carolina, 330 N.C. 761, 782 & 784, 413 S.E.2d 276, 289 & 291 (1992).  In this case, Plaintiff would have had an alternative remedy against NCCU, because Plaintiff is a state university employee.  See Ware v. Fort, 124 N.C. App. 613, 619, 478 S.E.2d 218, 222 (1996).  For example, Plaintiff could have sought judicial review under Chapter 150B of the Administrative Procedure Act, N.C. Gen. Stat. § 150B-43, after internally grieving his alleged national origin discrimination.  Id.; see also Swain v. Elfland, 145 N.C. App. 383, 391, 550 S.E.2d 530, 536 (2001); Googerdy v. N.C. Agric. & Tech. State Univ., 386 F. Supp. 2d 618, 629-30 (M.D.N.C. 2005) ("Under this analysis, North Carolina courts have held a myriad of common law and statutory claims adequate remedies for deprivation of constitutional rights.") (collecting cases).  Accordingly, the Court finds that Plaintiff's North Carolina constitutional claim must also be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants North Carolina Central University and Bernice D. Johnson's ("Defendants") Motion for Summary Judgment [Document #10] is GRANTED IN ITS ENTIRETY and this case is thereby DISMISSED.  To the extent that Plaintiff seeks reconsideration of any other pretrial orders, such as Defendants'

---

[1] The Magistrate Judge ruled that Plaintiff's claim under the North Carolina Constitution was barred by sovereign immunity.  However, this Court notes that the Supreme Court of North Carolina has held that sovereign immunity may not bar direct North Carolina constitutional claims against the State and its agents.  See Corum v. University of North Carolina, 330 N.C. 761, 782 & 784, 413 S.E.2d 276, 289 & 291 (1992).  Accordingly, the Court will not adopt the Magistrate Judge's Recommendation as to this reasoning.

Motion to Strike affidavits and other hearsay [Document #19], and Plaintiff's Motion to Strike Defendants' Reply brief [Document #24], pursuant to 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's Order concerning those Motions is neither clearly erroneous nor contrary to law and therefore reconsideration is DENIED.

This, the 13th day of March, 2006.

/s/ James A. Beaty
United States District Judge